"Welch, J.
Motions for leave to amend or change the pleadings, in appealed cases in the District Court, are addressed to the sound discretion of the court, and its rulings thereon will not be reversed on error, except where all the facts hearing upon the motion are set forth, and where there has been a manifest abuse of discretion. No such case is made here. Eor aught that appears there may have been good reasons for refusing the motion. Apparently the granting of the motion would have necessitated a continuance of the cause, as it is not shown that any notice was given the opposite party of an intention to- *616 make the motion, so as to enable them to prepare for trial. No reason is assigned for the motion, except the fact that the matters set up in the answer were unknown to the defendants at the time of trial in the Common Pleas. What other facts bearing upon the propriety of granting the motion were shown by either party, does not appear.
Nor do we see any error in the decree rendered by the court upon the final hearing. The creditors of the firm "trusted both the partners, and had a valid claim against each for the full amount of the partnership debts, whereas the individual creditor only trusted one of them. It would seem, on principles of natural justice, therefore, that the assets ought to be so marshaled in such cases as to give some preference to the partnership creditors over those of the individual members of the firm. The authorities on the subject are not uniform. It seems to us, however, that the better authorities, both English and American, as well .as reason, establish the justice of the rule adopted by the ■court below. In other words, equity will apply the assets •of an insolvent partnership in payment of the creditors of the firm, to the exclusion of creditors of its individual members, and if there be no partnership assets for distribution, as was the case here, the creditors of the firm have a right to share equally with the creditors of each individual member of the firm in the pro rata distribution of his assets. Of course, the aggregate amount so distributed to the creditors of the firm must not, in any case, exceed the amount of their claims. It is true that this rule may work hardship and apparent injustice in particular cases; so, it is believed, will any general rule that can be devised. We understand it to be the rule established by the decision of this ■court in Rogers v. Meranda, 7 Ohio St. 179. What should be the rule where the partnership assets are insignificant, or where they will yield to the creditors of the firm a less dividend than the creditors of the individual members would realize from the individual assets, and whether the creditors of the firm should, in such case, be confined to the *617 ^partnership assets, we are not called upon in the present-. -case to decide.

Motion overruled. t

McIlvaine, C. J., White, Rex, and Gilmore, JJ., concurred.